**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> MINNESOTA TIMBERWOLVES BASKETBALL LIMITED PARTNERSHIP d/b/a MINNESOTA TIMBERWOLVES, a Minnesota Limited Partnership; and DOES 1-10, inclusive, <br><br> Defendants. | Case No: 1:24-cv-05458-VM <br><br> **ANSWER TO COMPLAINT** |

**ANSWER TO COMPLAINT**

Defendant Minnesota Timberwolves Basketball Limited Partnership (d/b/a the "Minnesota Timberwolves" or the "Team"), by and through its undersigned attorneys, answer the Complaint of Plaintiffs Artist Publishing Group, LLC (d/b/a "APG"), a Delaware Limited Liability Company; KMA Assets II Limited, a United Kingdom Private Limited Company; Kobalt Music Publishing America, Inc. (d/b/a "KMPA"), a Delaware Corporation; MXM Music AB (d/b/a "MXM"), a Swedish Limited Liability Company; and Prescription Songs, LLC, a California Limited Liability Company (collectively, "Plaintiffs"), dated July 19, 2024 [Dkt. 4] (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. The allegations set forth in paragraph 1 of the Complaint characterize the Plaintiffs' Complaint, which speaks for itself. To the extent any allegations in this paragraph allege

1

wrongdoing by the Minnesota Timberwolves, such allegations are expressly denied.

## **PLAINTIFF** [sic]

2. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis deny those allegations.

3. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis deny those allegations.

4. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis deny those allegations.

5. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis deny those allegations.

6. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis deny those allegations.

## **DEFENDANTS**

7. The Minnesota Timberwolves admit that they are a Minnesota Limited Partnership with their principal place of business in Minneapolis, Minnesota.

8. Plaintiffs' allegation that they "will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response. With respect to the remaining allegations

in paragraph 8, the Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis deny those allegations.

9. The Minnesota Timberwolves deny the allegations set forth in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

11. The allegations in paragraph 11 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants state a legal conclusion to which no response is required. With respect to the allegations in paragraph 11 regarding the "home of all Plaintiffs' exclusive agent for the licensing of their copyrights," the Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. Similarly, with respect to the allegations in paragraph 11 pertaining to parties other than the Minnesota Timberwolves, the Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. The Minnesota Timberwolves deny the remaining allegations in paragraph 11 to the extent they pertain to the Team, and specifically deny the allegation of any wrongdoing or injury to Plaintiffs.

12. The allegations in paragraph 12 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Minnesota Timberwolves deny such allegations, especially as it pertains to any alleged injury to Plaintiffs.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. The Minnesota Timberwolves lack knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 13 of the Complaint (incorrectly numbered as paragraph 1), and on that basis deny those allegations.

14. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint (incorrectly numbered as paragraph 2), and on that basis deny those allegations.

15. The Minnesota Timberwolves admit that they own the National Basketball Association ("NBA") team known as the Minnesota Timberwolves. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint (incorrectly numbered as paragraph 3) regarding whether they "operate" the NBA team known as the Minnesota Timberwolves because they engage natural persons to operate the company and, on that basis, deny those allegations.[1]

16. The Minnesota Timberwolves admit that they administer accounts with Facebook, Instagram, X, YouTube, and TikTok, and that there is a page on the NBA.com website directed to the Team, which contains content relating to news, promotional videos, highlights, links to purchase merchandise using the Team's brand, and game tickets. The Minnesota Timberwolves deny all remaining allegations in paragraph 16 of the Complaint (incorrectly numbered as paragraph 4).[2]

17. The Minnesota Timberwolves admit that they own numerous active United States trademark registrations and copyright registrations and that, when appropriate, they enforce their rights. The Minnesota Timberwolves deny all remaining allegations in paragraph 17 of the Complaint (incorrectly numbered as paragraph 5).

---

[1] Plaintiffs' footnote no. 1 simply states "CITATION" and therefore does not require a response.

[2] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

18. The allegation in paragraph 18 of the Complaint (incorrectly numbered as paragraph 6) that "Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The Minnesota Timberwolves lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 (incorrectly numbered as paragraph 6), and on that basis deny those allegations. The Minnesota Timberwolves specifically deny any alleged wrongdoing.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

19. The Minnesota Timberwolves incorporate by reference their responses to paragraphs 1-18 above, as if fully set forth here.

20. The Minnesota Timberwolves deny the allegations in paragraph 20 of the Complaint (incorrectly numbered as paragraph 8).

21. The Minnesota Timberwolves deny the allegations in paragraph 21 of the Complaint (incorrectly numbered as paragraph 9).

22. The Minnesota Timberwolves deny the allegations in paragraph 22 of the Complaint (incorrectly numbered as paragraph 10).

23. The Minnesota Timberwolves deny the allegations in paragraph 23 of the Complaint (incorrectly numbered as paragraph 11).

24. The Minnesota Timberwolves deny the allegations in paragraph 24 of the Complaint (incorrectly numbered as paragraph 12).

25. The Minnesota Timberwolves deny the allegations in paragraph 25 of the Complaint (incorrectly numbered as paragraph 13).

26. The Minnesota Timberwolves deny the allegations in paragraph 26 of the Complaint (incorrectly numbered as paragraph 14).

### SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against all Defendants)

27. The Minnesota Timberwolves incorporate by reference their responses to paragraphs 1-26 above, as if fully set forth here.

28. The Minnesota Timberwolves deny the allegations in paragraph 28 of the Complaint (incorrectly numbered as paragraph 16).

29. The Minnesota Timberwolves deny the allegations in paragraph 29 of the Complaint (incorrectly numbered as paragraph 17).

30. The Minnesota Timberwolves deny the allegations in paragraph 30 of the Complaint (incorrectly numbered as paragraph 18).

31. The Minnesota Timberwolves deny the allegations in paragraph 31 of the Complaint (incorrectly numbered as paragraph 19).

32. The Minnesota Timberwolves deny the allegations in paragraph 32 of the Complaint (incorrectly numbered as paragraph 20).

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against all Defendants)

33. The Minnesota Timberwolves incorporate by reference their responses to paragraphs 1-32 above, as if fully set forth here.

34. The Minnesota Timberwolves deny the allegations in paragraph 34 of the Complaint (incorrectly numbered as paragraph 22).

35. The Minnesota Timberwolves deny the allegations in paragraph 35 of the

Complaint (incorrectly numbered as paragraph 23).

36. The Minnesota Timberwolves deny the allegations in paragraph 36 of the Complaint (incorrectly numbered as paragraph 24).

37. The Minnesota Timberwolves deny the allegations in paragraph 37 of the Complaint (incorrectly numbered as paragraph 25).

38. The Minnesota Timberwolves deny the allegations in paragraph 38 of the Complaint (incorrectly numbered as paragraph 26).

## PRAYER FOR RELIEF

39. WHEREFORE, the Minnesota Timberwolves deny that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual, with disgorgement, or statutory, including any injunctive or other equitable relief, attorneys' fees and costs, and all other forms of relief sought in the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE DEFENSES

40. Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Minnesota Timberwolves assert the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

41. Plaintiffs' causes of action are barred, in whole or in part, for failure to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations, 17 U.S.C. § 507)

42. Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitations because the Complaint was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

43. A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief. A copyright cause of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). This standard principle of law and statutory interpretation is called the "injury rule." Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the Complaint. There is no reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

44. Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known about the allegedly infringing uses more than three years prior to the filing of the Complaint. Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on March 8, 2021 (the "First Notice Date"), which is more than three years prior to the filing of the Complaint.

45. Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, and those programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this Complaint long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file

suit and obtain relief more than three years prior to the filing of the Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Copyright Misuse)

46.     Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright registrations along with threats of attorneys' fees in order to extort from the Team disproportionate payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the Minnesota Timberwolves with the data revealing the totality of the music the Team allegedly infringed.

### FOURTH AFFIRMATIVE DEFENSE
### (Implied License)

47.     Plaintiffs' causes of action are barred, in whole or in part, because the Minnesota Timberwolves possessed an implied license to use Plaintiffs' alleged copyrighted works.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

48.     Plaintiffs' causes of action are barred, in whole or in part, because any use the P Minnesota Timberwolves made of Plaintiffs' copyrighted work was a fair use.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

49.     Plaintiffs' causes of action are barred, in whole or in part, because the Minnesota Timberwolves' alleged conduct is protected by the First Amendment of the United States Constitution and applicable state constitutions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

50.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of

acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

51. Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

52. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

53. The Minnesota Timberwolves reserve the right to add, alter, and/or amend their Answer and their defenses as may later become available and apparent to them, and to withdraw any defenses that they determine to be inapplicable.

Date:   New York, New York
        October 15, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:   */s/ David S. Slovick*
      David S. Slovick
      New York Bar No. 5337811
      390 Madison Avenue, 12th Floor
      New York, New York 10017
      Telephone: (646) 746-2000
      Facsimile: (646) 746-2001
      Email: David.Slovick@btlaw.com

      - and -

      Anna Kalinina *(admission pro hac vice pending)*
      Texas Bar No. 24092605
      2121 N. Pearl Street, Suite 700
      Dallas, TX 75201-2469
      Telephone: (214) 258-4200

                                         Facsimile: (214) 258-4199
                                         Email: Anna.Kalinina@btlaw.com

                                         *Counsel for Minnesota Timberwolves Basketball Limited Partnership*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of October, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

                                         */s/ David S. Slovick*
                                         David S. Slovick